# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BASHIRA ABDULLAH CHARLES, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-17-0016 |
| ERIC D. HARGAN, | * | |
| Defendant. | * | |

## MEMORANDUM

Plaintiff is a former employee of the National Human Genome Research Institute ("NHGRI"), a research institute within the National Institutes of Health, which is a division within the Department of Health and Human Services (the "Agency"). She brought this lawsuit in the Eastern District of Pennsylvania on November 21, 2016 alleging that her former employer discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (*See* Compl., ECF No. 4.)[1] Plaintiff originally named her individual supervisors as Defendants and, pursuant to 42 U.S.C. § 2000e-16(c), Plaintiff named the head of the Agency, then-Secretary of Health and Human Services Sylvia Burwell, as a Defendant. The Court has since terminated the individual supervisors as parties (ECF No. 21), and substituted Acting Secretary Eric D. Hargan as the named Defendant (ECF No. 29). Before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), or 56. (ECF No. 22.) After Plaintiff failed to respond properly, the Court set a deadline of

---

[1] ECF No. 4 was stamped as filed on November 30, 2016, but the complaint was signed on November 21 (*see* ECF No. 4 at 5), and first submitted to the court in Pennsylvania on November 21 (*see* ECF No. 1-1).

December 4, 2017 for Plaintiff to file a response. (*See* ECF No. 30.) Plaintiff did not respond by that date, but did file a lengthy and untimely response on December 18 (ECF No. 31).[2] Defendant's motion is ripe for review. There is no need for a hearing to resolve the matter. *See* Local Rule 105.6 (D. Md. 2016). Plaintiff did not properly exhaust her administrative remedies for the majority of her claims and this Court therefore lacks subject matter jurisdiction over those claims. However, a specific claim made in her complaint is possibly still under Agency investigation. Accordingly, Defendant's motion, construed as a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), will be granted in part and denied in part, and the case will be stayed pending administrative resolution.

## I.     *Facts*[3]

Plaintiff is a fifty-four year old African-American woman. (Compl. at 8.[4]) She worked for NHGRI as a research fellow from 2009 to 2016, with a brief interruption in 2014. (*See id.*; Aff. of Bashira Charles 2, Mot. Dismiss Ex. 1, ECF No. 22-5 at 3.) During that time, Plaintiff claims she was subjected to a variety of discriminatory and retaliatory actions by her supervisors. For reasons explained below, the substance of her claims is not legally relevant to the disposition of Defendant's motion, and therefore will only be discussed briefly. Plaintiff claimed, *inter alia*, that her supervisors promised her positions only to fill those positions with younger, foreign men, that her supervisors undermined her research and took credit for her work, that on occasion

---

[2] Although styled as a Response, this document is not particularly responsive to Defendant's motion, and does not address the pivotal issue in this case which, as will be explained below, is whether Plaintiff properly exhausted her claims.

[3] As Defendant's motion is considered a Rule 12(b)(1) motion, "the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (internal quotation marks omitted).

[4] When citing to Plaintiff's complaint, the Court will use the ECF pagination, regardless of the pagination within the document. For example, page eight of the complaint in ECF is page one of the "Statement of Claims" but the Court will cite to "Compl. at 8."

her supervisors made racially insensitive remarks, and that she was exposed to chemicals in retaliation for complaining of this discrimination. (*See* Compl. at 8-14.)

What *is* legally relevant to Defendant's motion is the timing of when Plaintiff made her complaints, both within the Agency and in Federal Court. This is because a federal district court can only have subject matter jurisdiction over a federal employee's Title VII or ADEA claims if those claims were first raised by the employee within her agency, and within a certain timeframe. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Plaintiff raised two formal complaints within her agency, and the Court will outline the relevant dates for those complaints.

Plaintiff filed the first Complaint within the Agency on February 2, 2015, and it was given the Agency case number of HHS-NIH-NHGRI-008-15 ("Complaint 008-15"). (*See* Final Agency Decision, HHS-NIH-NHGRI-008-15 at 3, Mot. Dismiss Ex. 15, ECF No. 22-19 at 4.) This Complaint forms the basis for the vast majority of the claims Plaintiff makes in her complaint in this Court. (*Compare* Compl. at 8-14 *with* Final Agency Decision, HHS-NIH-NHGRI-008-15 at 1-2.) On April 16, 2015 the Agency issued a Final Agency Decision ("FAD") dismissing all of the claims in this Complaint. As outlined in Equal Employment Opportunity Commission ("EEOC") regulations, and communicated to Plaintiff in the FAD that was sent to her, Plaintiff had thirty days to appeal this decision to the EEOC Office of Federal Operations ("OFO"). *See* 29 C.F.R. § 1614.402. (Final Agency Decision, HHS-NIH-NHGRI-008-15 at 4, ECF No. 22-19 at 5.) But instead of appealing within thirty days, Plaintiff appealed to the OFO on January 20, 2016, roughly nine months after receiving the FAD. (*See* EEOC OFO Dismissal 1, Mot. Dismiss Ex. 16, ECF No. 22-20 at 2.) On August 19, 2016, the OFO dismissed this appeal as untimely. (*Id.*)

Plaintiff filed the second complaint within the Agency on March 2, 2016, and it was given the Agency case number of HHS-NIH-NHGRI-043-16 ("Complaint 043-16"). (*See* Letter of Acceptance 1, Mot. Dismiss Ex. 18, ECF No. 20-22 at 2.) The Agency accepted some of the claims contained in this Complaint for investigation on October 19, 2016. (*Id.*) The only claim accepted by the Agency that appears in Plaintiff's complaint in this action is that she was subjected to chemical exposure, presumably in retaliation for complaining of discrimination. (*Compare* Letter of Acceptance at 1 *with* Compl. at 13.)

Plaintiff filed the instant action in Federal District Court in the Eastern District of Pennsylvania on November 21, 2016, before the Agency issued a FAD on Complaint 043-16. She was homeless and unemployed when she filed the case and requested appointment of an attorney on November 30, 2016. (*See* ECF No. 2.) The case was transferred to this Court on January 4, 2017. (*See* ECF No. 5.) Before the Court is Plaintiff's request for appointment of an attorney, and Defendant's motion to dismiss, which will be construed as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

II. *Standards for Request for Appointment of Counsel and Motion to Dismiss*

"Title VII contains a provision which allows a district court, in certain cases, to appoint counsel." *Young v. K-Mart Corp.*, 911 F. Supp. 210, 211 (E.D. Va. 1996) (citing 42 U.S.C. § 2000e-5(f)(1)). "The decision of whether to appoint counsel is within the discretion of the trial judge." *Id.* (citing *Poindexter v. Federal Bureau of Investigation*, 737 F.2d 1173, 1179 (D.C. Cir. 1984)); *see also Scott v. Health Net Fed. Servs., LLC*, 463 F. App'x 206, 209 (4th Cir. 2012) (unpublished).

Proper exhaustion of administrative remedies is a prerequisite for federal subject matter jurisdiction, *see Jones*, 551 F.3d at 300, and the burden of proving subject matter jurisdiction is

on the plaintiff, *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "The court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003). Furthermore, the Court will construe all pleadings "so as to do justice," Fed. R. Civ. P. 8(e), and "as the case law makes very clear, the district court is obligated to make a determined effort to understand what the pleader is attempting to set forth." 5 Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1286 (3d ed.). Pleadings written by a *pro se* litigant are especially liberally construed, but "the court cannot ignore a clear failure to allege facts that support a viable claim." *Osei v. University of Maryland University College*, 202 F. Supp. 3d 471, 480-81 (D. Md. 2016) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

### III. *Analysis*

#### a. *Request for Appointment of an Attorney*

As a preliminary matter, Plaintiff made a request for appointment of an attorney, pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(1), in the District Court in Pennsylvania shortly after initiating this action. (*See* ECF No. 2.) Title VII does provide litigants a "right to request an attorney, but it does not create a statutory right to have counsel actually appointed." *Spell v. Maryland Human Relations Comm'n*, Civ. No. 11-0803, 2011 WL 6000862, at *6 (D. Md. Nov. 28, 2011) (internal quotation marks omitted). This Court has discretion to determine whether to appoint counsel for Plaintiff, *id.* (citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984)), and considers a number of factors, including: the complexity of the issues, *see id.* (denying appointment where the legal issues did "not appear unduly complex"), the plaintiff's ability to pay, *see Young*, 911 F. Supp. at 211, and the merits of plaintiff's claim, *see Garrison v. State of Md., Great Oaks Ctr.*, 850 F. Supp. 366, 368 (D. Md. 1994) ("[W]here it appears that a claim is

5

wholly without foundation and bears virtually no prospect of success, the Court acts properly in denying a request for such appointment.")

The Court finds that although Plaintiff appears to be unable to afford an attorney, the relative simplicity of the legal issues and the weak merits of Plaintiff's claims caution against granting her request for appointment of counsel. As the discussion of exhaustion below will make clear, the great majority of Plaintiff's claims "bear[] virtually no prospect of success" because Plaintiff did not properly exhaust these claims and this Court does not have subject matter jurisdiction over them. *Garrison*, 850 F. Supp. at 368. As will also be explained below, however, there may be one claim in Plaintiff's complaint that could still become properly exhausted. While that claim bears at least *some* prospect of success, at this stage the litigation of that claim is fairly simple: she will be directed to inform the Court as to the administrative status of that claim. Such a simple task does not warrant appointment of counsel. Should that claim become properly exhausted and should the Court then find that it is complex, or that it presents a serious issue, and should Plaintiff then wish to request an attorney, the Court would consider that request then. But at this stage appointment of counsel is unnecessary, and Plaintiff's request for appointment of counsel will be denied without prejudice.

    **b.** *Exhaustion*

Before pursuing an action in federal court under Title VII or the ADEA, federal employees must exhaust their administrative remedies. *See Jones*, 551 F.3d at 300. In order to properly exhaust her administrative remedies, a federal employee must adhere to the following process: First she must contact a counselor at the agency, and if the matter is not resolved, she can then file a complaint within the agency. 29 C.F.R. § 1614.105(a) and (d). If the agency dismisses her complaint, it will issue a FAD. *Id.* § 1614.110(b) (referring to a "final decision").

After receiving the FAD, either she can bring a suit in federal court, which she must do within ninety days of receipt of the FAD, or she can appeal to the EEOC, which she must do within thirty days of receipt of the FAD. *See id.* § 1614.407(a) (ninety days to file civil action); *id.* § 1614.402(a) (thirty days to file appeal).

If a federal employee appeals a FAD more than thirty days after receipt, that untimely appeal does not toll the ninety-day clock for when she must file a complaint in federal district court. *See Lorenzo v. Rumsfeld*, 456 F. Supp. 2d 731, 737 n.8 (E.D. Va. 2006) (discussing prior version of 29 C.F.R. § 1614.405); 29 C.F.R. § 1614.405(c). The EEOC regulations state that a FAD is "final . . . unless a timely request for reconsideration is filed." 29 C.F.R. § 1614.405(c). If a federal employee files an appeal more than thirty days after receipt of a FAD, that is not a "timely request for reconsideration" and therefore the FAD is "final" and she has ninety days from receipt of the FAD to file suit in federal court. A contrary interpretation of the regulations, allowing an employee to reset the ninety-day clock by filing an untimely appeal, "would unjustly reward litigants for their delays in filing by allowing them to reopen claims at any time, thereby denying finality to the EEOC proceedings and circumventing procedures prescribed by Congress." *Harrison v. Potter*, 323 F. Supp. 2d 593, 603 (S.D.N.Y. 2004) (discussing prior version of 29 C.F.R. § 1614).

The Court does not have subject matter jurisdiction over any claims contained in Complaint 008-15, because Plaintiff failed to file suit within ninety days of receiving the FAD. Plaintiff received a FAD dismissing Complaint 008-15 in its entirety on April 16, 2015, and she did not file an appeal within thirty days. Therefore, the April 16 FAD was a final decision, and she had until July 14, 2015 to file a complaint in federal court. Plaintiff did not file suit until over one year later, on November 21, 2016. Therefore, the claims contained in Complaint 008-

15, which, as explained above, form the majority of Plaintiff's complaint in this matter, were not properly exhausted, and the Court does not have subject matter jurisdiction over them.[5]

The Court likewise does not have subject matter jurisdiction over the claim in Plaintiff's complaint contained in Complaint 043-16, but for an importantly different reason. In Plaintiff's complaint in this Court, Plaintiff wrote that she "was exposed to chemicals for over a year . . . while working in office settings after making the public statements and filing a complaint of discrimination." (Compl. at 13.) That claim – that she was "subjected to chemical exposure" – was part of Complaint 043-16 and was accepted for investigation by the Agency on October 19, 2016. (Letter of Acceptance at 1.) No FAD had been issued on Complaint 043-16 as of the filing of Plaintiff's complaint in Federal Court. Therefore, while Plaintiff had yet to properly exhaust this claim, the possibility that it could *become* properly exhausted is not foreclosed. The Agency may return a favorable decision for Plaintiff and provide her with some relief, thus (possibly) making any action in this Court moot. Or the Agency may return a FAD dismissing Plaintiff's claim, after which this Court may have subject matter jurisdiction over it (unless Plaintiff decided to appeal to the EEOC, and then the Court could only have subject matter jurisdiction after the EEOC's final decision). For these reasons, the Court finds that it would be preferable to stay the case pending Agency (or EEOC) resolution, rather than dismiss Plaintiff's complaint entirely. Therefore, the Court will stay the case, and Plaintiff shall file with the Court no later than thirty days from the entry of the order accompanying this memorandum a status update, informing the Court of the status of Complaint 043-16 (i.e. the status of case number

---

[5] Even if Plaintiff's untimely filing of an appeal of that FAD, on January 20, 2016, *did* reset the ninety-day clock, Plaintiff's suit in federal court would still be one day late, because she received the dismissal of that untimely appeal on August 22, 2016, and she did not file suit until ninety-one days later, on November 21, 2016. (*See* EEOC OFO Dismissal, Mot. Dismiss Ex. 16, ECF No. 22-20 (dismissal of untimely appeal dated August 19, 2016); *Weathersbee v. Baltimore City Fire Dep't*, 970 F. Supp. 2d 418, 427 (D. Md. 2013) (recognizing presumption that a "Right to Sue Letter is mailed on its date of issuance and is received three days after mailing."). Courts in this district have held that missing a deadline by one day can, without an explanation, result in a finding that the complaint is untimely. *See, e.g.*, *Wongus v. McDonald*, Civ. No. 15-2950, 2016 WL 6892720, at *20 (D. Md. Nov. 23, 2016).

HHS-NIH-NHGRI-043-16). Failure of the Plaintiff to file a status update within thirty days of the entry of the order accompanying this memorandum will be considered a failure to prosecute and will make the case subject to dismissal in its entirety.

IV. *Conclusion*

As the majority of Plaintiff's complaint is dismissed due to failure to exhaust and the remaining claim in Plaintiff's complaint only requires, for the time being, that Plaintiff inform the court of the status of an administrative proceeding, Plaintiff's request for counsel will be denied without prejudice. Plaintiff did not properly exhaust her Title VII or ADEA claims contained in Complaint 008-15, and therefore this Court does not have subject matter jurisdiction over those claims. Plaintiff prematurely included a claim in this action that is possibly still pending with the Agency, namely the claim that Plaintiff "was exposed to chemicals for over a year . . . while working in office settings after making the public statements and filing a complaint of discrimination." The Court will therefore stay the case pending administrative resolution of that claim, and the Court will order Plaintiff to file a status update with the Court no later than thirty days from the entry of the order accompanying this memorandum informing the Court of the status of case number HHS-NIH-NHGRI-043-16. Defendant's motion to dismiss, construed as a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), will therefore be granted in part and denied in part by accompanying order.

DATED this 19th day of December, 2017.

                                            BY THE COURT:

                                      _____/s/_____
                                      James K. Bredar
                                      Chief Judge